**Fill in this information to identify the case:**

United States Bankruptcy Court for the:

_____ District of **Delaware**
(State)

Case number (*If known*): _____ Chapter **11**

☐ Check if this is an amended filing

Official Form 201

# Voluntary Petition for Non-Individuals Filing for Bankruptcy   04/25

If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and the case number (if known). For more information, a separate document, *Instructions for Bankruptcy Forms for Non-Individuals,* is available.

1. **Debtor's name**

   Reliz LTD

2. **All other names debtor used in the last 8 years**

   Include any assumed names, trade names, and *doing business as* names

   BlockFills

3. **Debtor's federal Employer Identification Number** (EIN)

   N/A

4. **Debtor's address**

   **Principal place of business**

   401 West Ontario Street
   Number      Street

   Suite 400

   Chicago              IL      60654
   City                 State   ZIP Code

   Cook
   County

   **Mailing address, if different from principal place of business**

   _____
   Number      Street

   _____
   P.O. Box

   _____
   City        State   ZIP Code

   **Location of principal assets, if different from principal place of business**

   _____
   Number      Street

   _____

   _____
   City        State   ZIP Code

5. **Debtor's website** (URL)

   www.blockfills.com

Debtor __Reliz LTD_____     Case number *(if known)*_____
      *Name*

| | | |
|---|---|---|
| 6. | **Type of debtor** | ■ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP)) <br> ❏ Partnership (excluding LLP) <br> ❏ Other. Specify: _____ |
| 7. | **Describe debtor's business** | A. *Check one:* <br> ❏ Health Care Business (as defined in 11 U.S.C. § 101(27A)) <br> ❏ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B)) <br> ❏ Railroad (as defined in 11 U.S.C. § 101(44)) <br> ❏ Stockbroker (as defined in 11 U.S.C. § 101(53A)) <br> ❏ Commodity Broker (as defined in 11 U.S.C. § 101(6)) <br> ❏ Clearing Bank (as defined in 11 U.S.C. § 781(3)) <br> ■ None of the above <br><br> B. *Check all that apply:* <br> ❏ Tax-exempt entity (as described in 26 U.S.C. § 501) <br> ❏ Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. § 80a-3) <br> ❏ Investment advisor (as defined in 15 U.S.C. § 80b-2(a)(11)) <br><br> C. NAICS (North American Industry Classification System) 4-digit code that best describes debtor. See http://www.uscourts.gov/four-digit-national-association-naics-codes. <br> 5239 |
| 8. | **Under which chapter of the Bankruptcy Code is the debtor filing?** | *Check one:* <br> ❏ Chapter 7 <br> ❏ Chapter 9 <br> ■ Chapter 11. *Check **all** that apply*: <br>     ❏ Debtor's aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $3,424,000 (amount subject to adjustment on 4/01/28 and every 3 years after that). <br>     ❏ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D). If the debtor is a small business debtor, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if all of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B). <br>     ❏ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D), and it chooses to proceed under Subchapter V of Chapter 11. <br>     ❏ A plan is being filed with this petition. <br>     ❏ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b). <br>     ❏ The debtor is required to file periodic reports (for example, 10K and 10Q) with the Securities and Exchange Commission according to § 13 or 15(d) of the Securities Exchange Act of 1934. File the *Attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11* (Official Form 201A) with this form. <br>     ❏ The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule 12b-2. <br> ❏ Chapter 12 |
| 9. | **Were prior bankruptcy cases filed by or against the debtor within the last 8 years?** <br><br> If more than 2 cases, attach a separate list. | ■ No <br> ❏ Yes.   District _____   When _____   Case number _____ <br>                                      MM / DD / YYYY <br>         District _____   When _____   Case number _____ <br>                                      MM / DD / YYYY |

Debtor __Reliz LTD_____    Case number (*if known*)_____
       Name

| 10. | **Are any bankruptcy cases pending or being filed by a business partner or an affiliate of the debtor?** | ☐ No | | | | |
|---|---|---|---|---|---|---|
| | List all cases. If more than 1, attach a separate list. | ■ Yes. | Debtor __See Rider 1_____ | Relationship __Affiliate_____ | | |
| | | | District __District of Delaware__ | When _____ MM / DD / YYYY | | |
| | | | Case number, if known _____ | | | |

| 11. | **Why is the case filed in *this district*?** | *Check all that apply:* |
|---|---|---|
| | | ☐ Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other district. |
| | | ■ A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district. |

| 12. | **Does the debtor own or have possession of any real property or personal property that needs immediate attention?** | ■ No |
|---|---|---|
| | | ☐ Yes. Answer below for each property that needs immediate attention. Attach additional sheets if needed. |
| | | **Why does the property need immediate attention?** (*Check all that apply.*) |
| | | ☐ It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety. |
| | |     What is the hazard? _____ |
| | | ☐ It needs to be physically secured or protected from the weather. |
| | | ☐ It includes perishable goods or assets that could quickly deteriorate or lose value without attention (for example, livestock, seasonal goods, meat, dairy, produce, or securities-related assets or other options). |
| | | ☐ Other _____ |
| | | **Where is the property?** _____ |
| | |     Number    Street |
| | | _____ |
| | | _____  _____ _____ |
| | | City                                                         State   ZIP Code |
| | | **Is the property insured?** |
| | | ☐ No |
| | | ☐ Yes. Insurance agency _____ |
| | |     Contact name _____ |
| | |     Phone _____ |

■ **Statistical and administrative information**

| 13. | **Debtor's estimation of available funds** | *Check one:* |
|---|---|---|
| | | ■ Funds will be available for distribution to unsecured creditors. |
| | | ☐ After any administrative expenses are paid, no funds will be available for distribution to unsecured creditors. |

| 14. | **Estimated number of creditors** | ☐ 1-49 | ■ 1,000-5,000 | ☐ 25,001-50,000 |
|---|---|---|---|---|
| | | ☐ 50-99 | ☐ 5,001-10,000 | ☐ 50,001-100,000 |
| | | ☐ 100-199 | ☐ 10,001-25,000 | ☐ More than 100,000 |
| | | ☐ 200-999 | | |

| Debtor | Reliz LTD | Case number (if known) | |
|---|---|---|---|
| | Name | | |

| | | | | |
|---|---|---|---|
| 15. | **Estimated assets** | ☐ $0-$50,000<br>☐ $50,001-$100,000<br>☐ $100,001-$500,000<br>☐ $500,001-$1 million | ☐ $1,000,001-$10 million<br>☐ $10,000,001-$50 million<br>■ $50,000,001-$100 million<br>☐ $100,000,001-$500 million | ☐ $500,000,001-$1 billion<br>☐ $1,000,000,001-$10 billion<br>☐ $10,000,000,001-$50 billion<br>☐ More than $50 billion |
| 16. | **Estimated liabilities** | ☐ $0-$50,000<br>☐ $50,001-$100,000<br>☐ $100,001-$500,000<br>☐ $500,001-$1 million | ☐ $1,000,001-$10 million<br>☐ $10,000,001-$50 million<br>☐ $50,000,001-$100 million<br>■ $100,000,001-$500 million | ☐ $500,000,001-$1 billion<br>☐ $1,000,000,001-$10 billion<br>☐ $10,000,000,001-$50 billion<br>☐ More than $50 billion |

Note: The information provided regarding number of creditors, assets, and liabilities in Items 14-16 is being provided on a consolidated basis for the entities listed on Rider 1.

## Request for Relief, Declaration, and Signatures

**WARNING** -- Bankruptcy fraud is a serious crime. Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

17. **Declaration and signature of authorized representative of debtor**

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

I have been authorized to file this petition on behalf of the debtor.

I have examined the information in this petition and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on  03/15/2026
              MM  / DD / YYYY

✘ /s/ Joseph Perry                                     Joseph Perry
Signature of authorized representative of debtor       Printed name

Title  Interim Chief Executive Officer

18. **Signature of attorney**

✘ /s/ David R. Hurst                                   Date  03/15/2026
Signature of attorney for debtor                             MM  / DD / YYYY

David R. Hurst                                         Darren Azman
McDermott Will & Schulte LLP                           McDermott Will & Schulte LLP
1000 N. West Street, Suite 1400                        One Vanderbilt Avenue
Wilmington, DE 19801                                   New York, NY 10017-3852
(302) 485-3900                                         (212) 547-5400
dhurst@mcdermottlaw.com                                dazman@mcdermottlaw.com

Delaware Bar No. 3743                                  New York Bar No. 4911673

# Rider 1

### Pending Bankruptcy Cases Filed by the Debtor and Certain Affiliates and Subsidiaries of the Debtor

On the date hereof, each of the entities listed below (collectively, the "Debtors") filed a petition in the United States Bankruptcy Court for the District of Delaware for relief under chapter 11 of title 11 of the United States Code. The Debtors will move for joint administration of these cases for procedural purposes only under the case number assigned to the chapter 11 case of Debtor Reliz Technology Group Holdings Inc.

| Debtor Name | EIN Number |
|---|---|
| Reliz Technology Group Holdings Inc. | 87-1036265 |
| Reliz Technologies LLC | 83-3711968 |
| Reliz CI LTD | N/A |
| Reliz LTD | N/A |

**WRITTEN CONSENT**
**OF**
**RELIZ LTD.**

March 9, 2026

---

The undersigned, being all the members of the Board of Directors (the "<u>Board</u>") of Reliz Ltd., a Cayman Islands exempted company (the "<u>Company</u>"), in accordance with the Company's organizational documents and the laws of the Cayman Islands, do hereby consent to, approve and adopt the following resolutions in lieu of a meeting effective as of the date hereof:

**<u>Chapter 11 Filing</u>**

WHEREAS, the Company has considered presentations by its financial and legal advisors regarding the Company's liabilities and liquidity, the strategic alternatives available to the Company, and the effect of the foregoing on the Company's business;

WHEREAS, the Board has had the opportunity to consult with the financial and legal advisors of the Company and to fully consider each of the strategic alternatives available to the Company; and

WHEREAS, the Board has had the opportunity to consult with the financial and legal advisors of the Company and consider a filing under chapter 11 of title 11 of the United States Code (the "<u>Bankruptcy Code</u>"), and the Board recommends the adoption of these resolutions.

NOW, THEREFORE, BE IT RESOLVED, that in the business judgment of the Board, it is desirable and in the best interests of the Company (including a consideration of its creditors and other parties in interest) that the Company shall be, and hereby is, authorized to file, or cause to be filed, a voluntary petition for relief (the "<u>Chapter 11 Case</u>") under the provisions of the Bankruptcy Code in the United States Bankruptcy Court for the District of Delaware (the "<u>Bankruptcy Court</u>") and any other petition for relief or recognition or other order that may be desirable under applicable law in the United States;

RESOLVED FURTHER, that any officer or director of the Company, or any other duly appointed officer or other person acting at the direction of the foregoing officers of the Company or the Board (collectively, the "<u>Authorized Signatories</u>"), acting alone or with one or more other Authorized Signatories be, and they hereby are, authorized, empowered, and directed to execute and file on behalf of the Company all petitions, schedules, lists, and other motions, papers, or documents, and to take any and all actions that they deem necessary, proper, or convenient to obtain such relief, including, without limitation, any action necessary to maintain the ordinary course operation of the Company's business; and

RESOLVED FURTHER, that all acts and deeds previously performed by any of the Authorized Signatories or officers of the Company prior to the adoption of the foregoing recitals and resolutions that are within the authority conferred by the foregoing recitals and resolutions,

are hereby ratified, confirmed and approved in all respects as the authorized acts and deeds of the Company.

**Retention of Professionals**

WHEREAS, the Board has considered presentations by the financial and legal advisors of the Company regarding the retention of such financial and legal advisors.

NOW, THEREFORE, BE IT RESOLVED, that each of the Authorized Signatories be, and hereby is, authorized, empowered and directed to employ the law firm of McDermott Will & Schulte LLP ("McDermott") as lead bankruptcy counsel and Katten Muchin Rosenman LLP ("Katten") as co-counsel (McDermott and Katten together, "Counsel") to represent and assist the Company in carrying out its duties under the Bankruptcy Code, and to take any and all actions to advance the Company's rights and obligations, including filing any motions, objections, replies, applications, or pleadings; and in connection therewith, each of the Authorized Signatories, with power of delegation, is hereby authorized, empowered and directed to execute appropriate retention agreements, pay appropriate retainers and fees, and to cause to be filed an appropriate application for authority to retain the services of Counsel;

RESOLVED FURTHER, that each of the Authorized Signatories be, and hereby is, authorized, empowered and directed to employ the firm of Berkley Research Group, LLC ("BRG") as financial advisor to (a) represent and assist the Company in carrying out its duties under the Bankruptcy Code and (b) take any and all actions to advance the Company's rights and obligations; and in connection therewith, each of the Authorized Signatories, with power of delegation, is hereby authorized, empowered, and directed to execute appropriate retention agreements, pay appropriate retainers and fees, and cause to be filed an appropriate application for authority to retain the services of BRG;

RESOLVED FURTHER, that each of the Authorized Signatories be, and hereby is, authorized, empowered and directed to employ the firm of Verita Global, LLC ("Verita") as claims, noticing, solicitation, and administrative agent to (a) represent and assist the Company in carrying out its duties under the Bankruptcy Code and (b) take any and all actions to advance the Company's rights and obligations; and in connection therewith, each of the Authorized Signatories, with power of delegation, is hereby authorized, empowered, and directed to execute appropriate retention agreements, pay appropriate retainers and fees, and cause to be filed appropriate applications for authority to retain the services of Verita;

RESOLVED FURTHER, that each of the Authorized Signatories be, and hereby is, with the power of delegation, authorized, empowered, and directed to execute and file all petitions, schedules, motions, lists, applications, pleadings, and other papers, and, in connection therewith, to employ and retain all assistance by legal counsel, accountants, financial advisors, investment bankers, and other professionals and to take and perform any and all further acts and deeds that each of the Authorized Signatories deem necessary, proper, or desirable in connection with the Company's Chapter 11 Case, with a view to the successful prosecution of such case.

Doc ID: b3d06c09a4290dbd6ebb81638c6f59d0a352e954

**General Resolutions**

RESOLVED FURTHER, that the Authorized Signatories be, and each of them hereby is, authorized, empowered, and directed to execute, acknowledge, verify, deliver, and file any and all such other agreements, documents, instruments, and/or certificates and to take such other actions as may be necessary, proper, or appropriate in order to carry out the intent and purposes of any of the foregoing resolutions;

RESOLVED FURTHER, that the Board has received sufficient notices of the actions and transactions relating to the matters contemplated by the foregoing resolutions, as may be required by the organizational documents of the Company, or hereby waive any right to have received such notices;

RESOLVED FURTHER, that each member of the Board of the Company, as applicable, hereby irrevocably waives notice of the time, place, and purposes of a meeting and any adjournments thereof, to the extent such notice is required by the applicable organizational documents of the Company;

RESOLVED FURTHER, that any and all actions heretofore or hereafter taken and expenses incurred in the name of and on behalf of the Company by any officer, director or other Authorized Signatory of the Company in connection with or related to the matters set forth or contemplated by any of the foregoing resolutions be, and they hereby are, approved, ratified and confirmed in all respects as fully as if such actions had been presented to the Board for approval prior to such actions being taken;

RESOLVED FURTHER, that any Authorized Signatory is hereby authorized to certify to third parties with respect to adoption of any of the foregoing resolutions in the form and substance satisfactory to them;

RESOLVED FURTHER, that this written consent shall be added to the corporate records of the Company and made a part thereof, and the resolutions set forth herein shall have the same force and effect as if adopted at a meeting duly noticed, held, called, and constituted pursuant to the Company's organizational documents and the applicable laws of Cayman Islands; and

RESOLVED FURTHER, that this written consent may be executed in counterparts (including by means of electronic portable document format (PDF)), each of which shall be deemed an original and all of which, taken together, shall constitute one and the same instrument.

*[Signature page follows]*

**IN WITNESS WHEREOF**, the undersigned, being all of the members of the Board of the Company, have each executed this Written Consent as of the date first set forth above.

                                                    **RELIZ CI LTD., AS SOLE DIRECTOR OF RELIZ LTD.:**

*/s/ Joseph Perry*

Joseph Perry
Authorized Signatory

*[Signature Page to Written Consent]*

Doc ID: b3d06c09a4290dbd6ebb81638c6f59d0a352e954

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| RELIZ LTD, | Case No. 26-[_____] ([___]) |
| Debtor. | |

## CORPORATE OWNERSHIP STATEMENT

Pursuant to Rules 1007(a)(1) and 7007.1 of the Federal Rules of Bankruptcy Procedure, the following are corporations that own 10% or more of any of the debtor's equity interest:

| Shareholder | Approximate Percentage of Shares Held |
|---|---|
| Reliz CI LTD | 100% |

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>RELIZ LTD,<br><br>                    Debtor. | Chapter 11<br><br>Case No. 26-[_____] ([___]) |

## LIST OF EQUITY SECURITY HOLDERS[1]

| Equity Holder | Address of Equity Holder | Percentage of Equity Held |
|---|---|---|
| Reliz CI LTD | 401 West Ontario St, Suite #400, Chicago, IL 60654 | 100% |

---

[1] This list serves as the disclosure required to be made by the above-captioned debtor pursuant to Rule 1007 of the Federal Rules of Bankruptcy Procedure. All equity positions listed indicate the record holder of such equity as of the date of commencement of the chapter 11 case.

**Fill in this information to identify the case:**

Debtor name: Reliz Technology Group Holdings Inc.

United States Bankruptcy Court District of Delaware

Case number (If known): TBD

☐ Check if this is an amended filing

## Official Form 204

**Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 30 Largest Unsecured Claims and Are Not Insiders**

12/15

A list of creditors holding the 30 largest unsecured claims must be filed in a Chapter 11 or Chapter 9 case. Include claims which the debtor disputes. Do not include claims by any person or entity who is an insider, as defined in 11 U.S.C. § 101(31). Also, do not include claims by secured creditors, unless the unsecured claim resulting from inadequate collateral value places the creditor among the holders of the 20 largest unsecured claims.

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 1 | 007Â CAPITAL LLC<br>200 DORADO BEACH DRIVE #2420<br>DORADO, PR 00646-2246 | PHONE: 323-309-6020<br>EMAIL: JS@007.CAPITAL | CUSTOMER | UNLIQUIDATED | | | $ 17,120,356.78 |
| 2 | RICHARD E WARD REVOCABLE TRUST<br>4153 CORTLAND WAY<br>NAPLES, FL 34119-8612 | PHONE: 703-906-3990<br>EMAIL: DICKWARD921@GMAIL.COM | CUSTOMER | UNLIQUIDATED | | | $ 9,442,638.73 |
| 3 | ARTHA INVESTMENT PARTNERS LLC<br>3000 NE 2ND AVE. #635<br>MIAMI, FL 33137 | PHONE: 347-843-2520<br>EMAIL: PRINCE@ARTHAINVESTMENTPARTNERS.COM | CUSTOMER | UNLIQUIDATED | | | $ 6,888,064.40 |
| 4 | SBI VC TRADE CO LTD<br>IZUMI GARDEN TOWER 21F<br>1-6-1 ROPPONGI<br>MINATO-KU<br>TOKYO, 106-6021<br>JAPAN | PHONE: 818035339430<br>EMAIL: KAI.SHU@TAOTAO.CO.JP | CUSTOMER | UNLIQUIDATED | | | $ 6,265,184.34 |
| 5 | DORADO FAMILY HOLDINGS LP<br>2210 DORADO BEACH DRIVE<br>DORADO, PR 00646 | PHONE: 787-340-8015<br>EMAIL: ASHTON.SONIAT@GMAIL.COM | CUSTOMER | UNLIQUIDATED | | | $ 5,653,470.88 |
| 6 | SPYGLASS VENTURES PR LLC<br>200 DORADO BEACH DRIVE #3741<br>DORADO, PR 00646 | PHONE: 732-406-2531<br>EMAIL: SMONTE@DARMA.CAPITAL | CUSTOMER | UNLIQUIDATED | | | $ 4,877,334.81 |
| 7 | NEXO CAPITAL INC<br>TWO ARTILLERY COURT, 2ND FLOOR<br>161 SHEDDEN ROAD<br>GEORGE TOWN<br>GRAND CAYMAN, KY1-1103<br>CAYMAN ISLANDS | PHONE: 442032906838<br>EMAIL: KOSTA@NEXO.IO | PROMISSORY NOTE | | | | $ 4,746,841.00 |
| 8 | DOMINION CAPITAL LLC<br>256 WEST 38TH STREET 15TH FLOOR<br>NEW YORK, NY 10018 | PHONE: 212-785-4680<br>EMAIL: MIKHAIL@DOMCAPLLC.COM | CUSTOMER | UNLIQUIDATED | | | $ 4,744,526.14 |
| 9 | LOAM MEDIA INC<br>4057 RURAL PLAINS CIRCLE SUITE 300B<br>FRANKLIN, TN 37064 | PHONE: 629-240-7811<br>EMAIL: TEVANS@FAMILYRADIO.ORG | CUSTOMER | UNLIQUIDATED | | | $ 4,716,258.70 |
| 10 | VARIANCE HODLING KFT<br>PUSKAS TIVADAR UT BUDAORS<br>PEST, 2040<br>HUNGARY | PHONE: 36307685071<br>EMAIL: CSABA.CSABAI@INLOCK.IO | CUSTOMER | UNLIQUIDATED | | | $ 4,537,615.00 |
| 11 | NAME AND ADDRESS ON FILE | CONTACT INFORMATION ON FILE | CUSTOMER | UNLIQUIDATED | | | $ 4,466,274.26 |
| 12 | NEW DIGITAL TECHNOLOGIES LLC<br>N29 LLIA CHAVCHAVADZE AVE 3RD FLOOR<br>TBILISI, 0179<br>GEORGIA | PHONE: 995514950950<br>EMAIL: B.BOCHORISHVILI@EMONEY.GE | CUSTOMER | UNLIQUIDATED | | | $ 4,420,910.91 |
| 13 | NAME AND ADDRESS ON FILE | CONTACT INFORMATION ON FILE | CUSTOMER | UNLIQUIDATED | | | $ 4,275,790.45 |
| 14 | BACKBONE HOSTING SOLUTIONS INC<br>1040 RUE DU LUX #312<br>BROSSARD, QC J4Y 0E3<br>CANADA | PHONE: 61415940053<br>EMAIL: JGAO@BITFARMS.COM | CUSTOMER | UNLIQUIDATED | | | $ 4,218,352.00 |
| 15 | SIMPLE MINING LLC<br>250 STATE STREET #413<br>CEDAR FALLS, IA 50613 | PHONE: 507-438-5314<br>EMAIL: ADAM@SIMPLEMINING.IO | CUSTOMER | UNLIQUIDATED | | | $ 3,729,168.19 |
| 16 | NAME AND ADDRESS ON FILE | CONTACT INFORMATION ON FILE | CUSTOMER | UNLIQUIDATED | | | $ 3,419,180.00 |

Note: Amounts listed herein are based upon spot crypto pricing as of March 8, 2026 and are subject to change based on fluctuations in such prices.

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 17 | 1548199 ALBERTA LTD<br>21149 TOWNSHIP RD 524<br>STRATHCONA COUNTY, AB T8G 2E9<br>CANADA | PHONE: 780-984-8447<br>EMAIL: RBERTRAM2@ME.COM | CUSTOMER | UNLIQUIDATED | | | $ 3,349,295.28 |
| 18 | GLOBAL INTERMODAL EQUIPMENT SERVICES CORP<br>17 CALLE PACIFIC PL<br>SAN JUAN, PR 00911 | PHONE: 787-299-8610<br>EMAIL: SRG@GLOBALINTERMODALEQUIPMENTWERVICES.COM | CUSTOMER | UNLIQUIDATED | | | $ 3,337,533.38 |
| 19 | KNOW LABS INC<br>619 WESTERN AVENUE<br>SEATTLE, WA 98104 | PHONE: 206-321-0721<br>EMAIL: RON@KNOWLABS.CO | CUSTOMER | UNLIQUIDATED | | | $ 2,575,965.53 |
| 20 | NAME AND ADDRESS ON FILE | CONTACT INFORMATION ON FILE | CUSTOMER | UNLIQUIDATED | | | $ 2,014,485.88 |
| 21 | ENERGY CONVERSION GROUP LLC<br>401 MAIN STREET SUITE 218<br>CEDAR FALLS, IA 50613 | PHONE: 319-883-9010<br>EMAIL: JOSEPH@STROHHOLDINGS.COM | CUSTOMER | UNLIQUIDATED | | | $ 1,882,255.59 |
| 22 | NAME AND ADDRESS ON FILE | CONTACT INFORMATION ON FILE | CUSTOMER | UNLIQUIDATED | | | $ 1,737,823.43 |
| 23 | AKRO INVESTMENTS LIMITED<br>HOUSE OF FRANCIS<br>ILE DU PORT<br>ROOM 303<br>MAHE,<br>SEYCHELLES | PHONE: 995597900035<br>EMAIL: V.KOPADZE@FULCRUMHOLDING.COM | CUSTOMER | UNLIQUIDATED | | | $ 1,727,592.88 |
| 24 | NAME AND ADDRESS ON FILE | CONTACT INFORMATION ON FILE | CUSTOMER | UNLIQUIDATED | | | $ 1,564,802.72 |
| 25 | TECTONA LTD<br>MENACHEM BEGIN STR. 7<br>RAMAT GAN, 5268102<br>ISRAEL | PHONE: 97245405211<br>EMAIL: GUY.HAREL@TECTONA.IO | CUSTOMER | UNLIQUIDATED | | | $ 1,421,002.87 |
| 26 | NAME AND ADDRESS ON FILE | CONTACT INFORMATION ON FILE | CUSTOMER | UNLIQUIDATED | | | $ 1,412,159.74 |
| 27 | CHICAGO BLACKHAWKS HOCKEY TEAM INC.<br>1901 WEST MADISON STREET<br>CHICAGO, IL 60612 | PHONE: 317-698-6232<br>EMAIL: CEBERHARDT@BLACKHAWKS.COM | TRADE PAYABLE | DISPUTED | | | $ 1,261,474.75 |
| 28 | FUEL LABS INC<br>BANCO POPULAR BUILDING ROAD TOWN FL 4<br>TORTOLA, VG1110<br>BRITISH VIRGIN ISLANDS | PHONE: 416-668-3812<br>EMAIL: MO.YANG@FUEL.SH | CUSTOMER | UNLIQUIDATED | | | $ 1,112,044.57 |
| 29 | DIFX LIMITED<br>C/O STUARTS CORPORATE SERVICES LTD.<br>KENSINGTON HOUSE<br>69 DR. ROY'S DRIVE<br>P.O. BOX 2510 GEORGE TOWN<br>GRAND CAYMAN, KY1-1104<br>CAYMAN ISLANDS | C/O STUARTS CORPORATE SERVICES LTD.<br>PHONE: 971509932739<br>EMAIL: OLANI@DIFX.IO | CUSTOMER | UNLIQUIDATED | | | $ 1,100,625.40 |
| 30 | NAME AND ADDRESS ON FILE | CONTACT INFORMATION ON FILE | CUSTOMER | UNLIQUIDATED | | | $ 1,039,246.92 |

**Fill in this information to identify the case and this filing:**

Debtor Name __Reliz LTD__

United States Bankruptcy Court for the: _____   District of __Delaware__
(State)

Case number (*If known*): _____

Official Form 202

# Declaration Under Penalty of Perjury for Non-Individual Debtors   12/15

An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date. Bankruptcy Rules 1008 and 9011.

WARNING -- Bankruptcy fraud is a serious crime. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

### Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

- ❏ *Schedule A/B: Assets–Real and Personal Property* (Official Form 206A/B)
- ❏ *Schedule D: Creditors Who Have Claims Secured by Property* (Official Form 206D)
- ❏ *Schedule E/F: Creditors Who Have Unsecured Claims* (Official Form 206E/F)
- ❏ *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G)
- ❏ *Schedule H: Codebtors* (Official Form 206H)
- ❏ *Summary of Assets and Liabilities for Non-Individuals* (Official Form 206Sum)
- ❏ Amended *Schedule* ____
- ☒ *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders* (Official Form 204)
- ☒ Other document that requires a declaration __Statement of Corporate Ownership and List of Equity Security Holders__

I declare under penalty of perjury that the foregoing is true and correct.

Executed on __03/15/2026__
MM / DD / YYYY

✗ __/s/ Joseph Perry__
Signature of individual signing on behalf of debtor

__Joseph Perry__
Printed name

__Interim Chief Executive Officer__
Position or relationship to debtor

Official Form 202                **Declaration Under Penalty of Perjury for Non-Individual Debtors**